FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 AUG 13 A 11: 30
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

PATRICK BOSFIELD,

    Plaintiff,

vs.

ANNA ARD; T. JOHNS; and
GEORGE ZOLEY,

    Defendants.

CIVIL ACTION NO.: CV513-058

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Patrick Bosfield ("Plaintiff"), an inmate currently incarcerated at D. Ray James Correctional Facility ("D. Ray James") in Folkston, Georgia, filed a cause of action contesting certain conditions of his confinement. Plaintiff does not state a theory of relief upon which his claim his based. Plaintiff's cause of action is against the director of a company that operates a facility under a contract with the United States Government to house federal prisoners, the warden of that facility, and an employee of that facility.

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that D. Ray James employees are responsible for his attorney missing a scheduled visit and are therefore liable for court costs and attorney's fees associated with the missed visit. Plaintiff contends that D. Ray James failed to follow its own policy as stated in the "GEO Group Policy" for D. Ray James and the Federal Bureau of Prisons' Policy on granting "special visits. (Doc. No. 1, pp. 3-5). Plaintiff states, "I feel as though if the administration of the D. Ray James C. F. would have been in order I would have been able to meet the deadline in the court in the Bahamas and I would have recovered the money that is in that court case . . . This administration fails to take responsibility for the unprofessional conduct of one of its employees and this is what I am trying to get the court to order today." (Id. at p. 6). Plaintiff has sued: George Zolo, Director of The GEO Group, Inc., the company that owns and operates D. Ray James; Mr. T. Johns, Warden at D. Ray James; and Ann Ard, a case manager at D. Ray James.

AO 72A
(Rev. 8/82)

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a claim under Bivens, a plaintiff must allege that a federal actor deprived him of some constitutional right. Bivens, 403 U.S. 388; Hindman v. Healy, 278 F. App'x 893 (11th Cir. 2008).

"[I]nmates do not have an absolute right to visitation, such privileges being subject to the prison authorities' discretion provided that the visitation policies meet legitimate penological objectives." Caraballo-Sadoval v. Honstead, 35 F.3d 521, 525 (11th Cir. 1994). Here, at most, Plaintiff has expressed his dissatisfaction with the administration of the visitation policy at D. Ray James. However, he has not shown that his constitutional rights have been violated as a result of the application of D. Ray James' visitation policy.

In addition to Plaintiff's inability to show that he has suffered from a deprivation of a constitutional right, Plaintiff has attempted to pursue his claims under an inappropriate avenue for relief. The Supreme Court has held that a federal prisoner cannot bring a Bivens claim against employees of a privately operated federal prison when state law authorizes adequate alternative damages actions. Minneci v. Pollard, __ U.S. __, 132 S.Ct. 617 (2012). D. Ray James is a private entity that operates under a contract with the Bureau of Prisons. The employees of D. Ray James are employees of The GEO Group, Inc., a private entity. So long as Plaintiff has adequate state law remedies available to him, he may not maintain a cause of action pursuant to Bivens against The GEO Group, Inc., or its employees because The GEO Group, Inc., and its employees are private parties. Plaintiff may pursue damages claims

against Defendants in state court.[1] Consequently, Plaintiff cannot bring a <u>Bivens</u> action against any of the named Defendants.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 15th day of August, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court offers no opinion as to the merits of such claims.

AO 72A
(Rev. 8/82)