IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

PATRICK BOSFIELD,

    Plaintiff,

vs.      CIVIL ACTION NO.: CV513-058

ANNA ARD; T. JOHNS; and
GEORGE ZOLEY,

    Defendants.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Plaintiff reiterates his position that his "right to counsel was violated by the administration of D. Ray James C.F. and its employees." (Doc. No. 15, p. 1). Plaintiff alleges that his Fourteenth Amendment right of access to the courts was violated and that he is "entitled to relief in this case as the administration of this prison violated my right to have a face to face contact visit with my attorney." (Id. at p. 2). Plaintiff contends that "there is a clause that allows for the administration of a private prison and its employees to act on the behalf of the Bureau of Prisons," thus making the named Defendants subject to suit in federal court. Plaintiff names as Defendants: George Zolo, Director of The GEO Group, Inc., the company that owns and operates D. Ray James; Mr. T. Johns, Warden at D. Ray James; and Ann Ard, a

case manager at D. Ray James. Plaintiff asserts that he has unsuccessfully attempted to file a claim in state court.

Plaintiff's objections do not overcome the deficiencies inherent in his claims against Defendants. Plaintiff presumably attempts to bring his claims pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), as he alleges that federal actors deprived him of his constitutional rights. See <u>Bivens</u>, 403 U.S. 388; <u>Hindman v. Healy</u>, 278 F. App'x 893 (11th Cir. 2008). As stated by the Magistrate Judge in his Report and Recommendation, the Supreme Court has held that a federal prisoner cannot bring a <u>Bivens</u> claim against employees of a privately operated federal prison when state law authorizes adequate alternative damages actions. <u>Minneci v. Pollard</u>, __ U.S. __, 132 S.Ct. 617 (2012).[1] The <u>Minneci</u> Court stated that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." <u>Id.</u> at ___, 132 S. Ct. at 623 (quoting <u>Wilkie v. Robbins</u>, 551 U.S. 537, 559 (2007) (declining to extend <u>Bivens</u> liability to allow a landowner to pursue a private action against employees of the Bureau of Land Development).

D. Ray James is a private entity that operates under a contract with the Bureau of Prisons. The employees of D. Ray James are employees of The GEO Group, Inc., a private entity. Like the plaintiffs in <u>Minneci</u> and <u>Alba</u>, so long as Plaintiff has adequate state law remedies available to him, he may not maintain a cause of action, pursuant

---

[1] The Eleventh Circuit foreclosed the viability of such a claim in 2008. See <u>Alba v. Montford</u>, 517 F.3d 1249 (11th Cir. 2008) (declining to extend <u>Bivens</u> to cover a claim for deliberate indifference to medical needs against Corrections Corporation of America, a private facility under contract with the Bureau of Prisons, and its employees).

AO 72A
(Rev. 8/82)

to Bivens, against The GEO Group, Inc., or its employees because The GEO Group, Inc., and its employees are private parties. Plaintiff may pursue damages claims against these Defendants in state court.[2] Consequently, Plaintiff cannot bring a Bivens action against any of the named Defendants.

The undersigned notes Plaintiff's contention that the "Bureau of Prisons is a Federal agency and is governed by the courts of the Federal Government," thereby making the Bureau of Prisons and/or its employees proper defendants to this suit. (Doc. No. 15, p. 3). Plaintiff has not named the Bureau of Prisons as a defendant, but doing so would not advance Plaintiff's claim. The Bureau of Prisons, as an entity, is not a proper defendant under Bivens. Proper defendants in a Bivens claim are the federal officers who allegedly violated the plaintiff's constitutional rights, not the federal agency which employs the officers. FDIC v. Meyer, 510 U.S. 471, 485-86 (1994).

Even if Plaintiff named a proper defendant under Bivens, Plaintiff has not demonstrated that his constitutional rights have been violated through the application of D. Ray James' visitation policy. As the Magistrate Judge stated, inmates have no absolute right to visitation; rather, inmate visitation privileges are "subject to the prison authorities' discretion provided that the visitation policies meet legitimate penological objectives." Caraballo-Sadoval v. Honstead, 35 F.3d 521, 525 (11th Cir. 1994). While Plaintiff alleges that the cancelling of a scheduled visit from his Bahamian attorney clearly violated his Sixth and Fourteenth Amendment rights, Plaintiff has not shown that the administration of D. Ray James' stated policies are not related to legitimate

---

[2] The Court offers no opinion as to the merits of such claims. Plaintiff is advised that the rules and procedures for filing a claim in state court may differ from those in this Court.

penological objectives.³  Instead, Plaintiff simply "has expressed his dissatisfaction with the administration of the visitation policy at D. Ray James." (Doc. No. 12, p. 3).

Based on the foregoing, Plaintiff's Objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Plaintiff's complaint is **DISMISSED**. The Clerk is authorized to enter the appropriate Judgment of Dismissal.

**SO ORDERED**, this 7 day of October, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

³ Plaintiff is advised that the right to counsel guaranteed by the Sixth Amendment attaches in a criminal prosecution after the initiation of adversarial judicial proceedings. Kirby v. Illinois, 406 U.S. 682, 689–90, (1972). Plaintiff's Complaint concerns his ability to meet with a Bahamian attorney to discuss an unspecified matter pending in the Bahamas, not a criminal proceeding pending against Plaintiff in the United States.

AO 72A
(Rev. 8/82)